```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/22/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
ALFREDO CHEVRES,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　22-cv-5885 (LJL)
　　　　　　-v-　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　OPINION AND ORDER
KILOLO KIJAKAZI, *Acting Commissioner of Social*　　:
*Security*,　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Defendant.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

　　　　Defendant Kilolo Kijakazi, sued as the Acting Commissioner of the Social Security Administration ("Defendant"), moves to dismiss the complaint of Plaintiff Alfredo Chevres ("Chevres" or "Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6), as untimely, or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the same grounds. Dkt. No. 7.

## BACKGROUND

　　　　Plaintiff filed this complaint on July 11, 2022 ("Complaint"), alleging that the Social Security Administration ("SSA") improperly denied his claim for disability and disability insurance benefits under Title II of the Social Security Act (the "Act") and seeking an order that the decision be set aside and remanded for a fair hearing. Dkt. No. 1.

　　　　On May 13, 2021, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits under Title II and mailed a copy to Plaintiff. Dkt. No. 9 ¶ 3(a). The ALJ concluded that Plaintiff was not under a disability as defined by the Act from the date of alleged onset until the date of decision. *Id.* at ECF p. 23. Plaintiff requested review of the

decision and, on April 12, 2022, the Appeals Council sent, by mail addressed to Plaintiff with a copy to his representative, notice of its action denying Plaintiff's request for review (the "Notice"). *Id.* ¶ 3(a). The Notice specifically informed Plaintiff that if he disagreed with the Appeals Council's decision, he could ask for court review of the ALJ's decision by filing a civil action and of the time within which to do so. It stated:

> **Time To File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
>
> - The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.
>
> You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

*Id*. at ECF pp. 35–36. Plaintiff did not make a request for an extension before filing this action. *Id.* ¶ 3(b).

In letters to the Court in response to the instant motion, Plaintiff's counsel stated that it did not receive the Notice because it was sent to counsel's previous office in the Bronx and not to the new address of which counsel had informed the SSA on January 10, 2022. Dkt. No. 11. Counsel states that it filed the Complaint as soon as it became aware of the Appeals Council's action. *Id.* Counsel also notes that while Plaintiff himself received the Notice, he was under the impression that his lawyer had also received a copy of the Notice and thus he failed to reach out to his lawyers immediately upon receiving the Notice. Dkt. No. 14.

## PROCEDURAL HISTORY

The Complaint was filed on July 11, 2022.  Dkt. No. 1.  On January 1, 2023, Defendant filed the instant motion, moving to dismiss the Complaint or, in the alternative for summary judgment, as well as its supporting papers.  Dkt. Nos. 7–10.  On January 18, 2023, Plaintiff's counsel responded through a short letter, asserting that counsel had not received the Notice for the reasons discussed above and thus asking the Court to accept its representation as proof of timely filing "due to unforeseen circumstances out of our control."  Dkt. No. 11.  Defendant did not file a reply.

On February 6, 2023, the Court issued an order notifying the parties that, absent submission of additional evidence within two weeks of the date of its order, it would decide the motion on the current record.  Dkt. No. 13 at 2.  In response, Plaintiff filed two documents.  Dkt. Nos. 14–16.  In the first document, which is a letter, Plaintiff's counsel states:

> We represent Mr. Chevres in his Title II application for Disability Insurance Benefits. Mr. Chevres was denied on April 12, 2022, although we are listed as the representatives, we never received a copy of Notice of Disapproved Claim. According to Poms NL 00801.001 a notice in regard to denial is supposed to be sent to the claimant's representative.  We updated our address on file with Central Operations on January 10, 2022, with submission of 1699 form via fax.  Our office reached out to Mr. Chevres 7/11/2022 after finding out verbally by the Social Security Administration that the claim was disapproved. Mr. Chevres informed our office he had received the Notice May 12, 2022, but was under the impression that our office had received a copy of the notice as well.  Thus, the reason he failed to reach out to our office when he received the Notice of Disapproved claim.

Dkt. No. 14 at 1.  Counsel also notes that, in light of these circumstances, Plaintiff's failure to timely file should be excused due to good cause as his counsel filed as soon as they learned of the decision.  *Id.*  Plaintiff also attached to the letter "proof of [the] 1699 form sent to Central Operations on January 10, 2022," which shows that Plaintiff's counsel provided an updated mailing address to the SSA.  *Id.*

The second document filed by Plaintiff is an "affidavit of service" signed by someone named "Elethia Perez." Dkt. No. 15. The affidavit nowhere identifies who Elethia Perez is or her relationship to the Plaintiff. *Id.* That affidavit states in full:

> Elethia Perez, being duly sworn, deposes and says that I reside in Stamford Connecticut, am over the age of eighteen and not a party to this action.
>
> That on July 11, 2022, deponent (Alfredo Chervres [sic]) discussed with our office receipt of disapproved claim but was under the impression our office never received notice thus he didn't contact our office. We have enclosed proof of change of address faxed to the Social Security Administration prior to this date. We respectfully request that your Hon acknowledge this to be a documented statement by Ms. Perez on July 11, 2022.

Dkt. No. 15.

Defendant did not file any additional documents in support of its motion.

## DISCUSSION

Defendant moves to dismiss the Complaint or, in the alternative, for summary judgment on the grounds that the Complaint is untimely.

**I.   Applicable Legal Standard**

Under the Act, any individual seeking review of a decision by the SSA denying a claim for benefits must bring an action within sixty days after the individual receives the notice of such decision. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Specifically, Section 405(g) of Title 42 provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(h) further provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security

> or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

"By regulation, the Commissioner presumes that a notice arrives five days after the date it bears and measures a claimant's time to file from that date." *Miller v. Saul*, 2020 WL 5899520, at *2 (S.D.N.Y. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 4365284 (S.D.N.Y. July 30, 2020). The Commissioner's regulation provides:

> Any civil action . . . must be instituted within 60 days after the Appeal Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . . [T]he date of receipt of . . . notice of decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). "Absent an extension, therefore, a social security claimant 'has 65 days from the date of a final decision notice to file suit,' unless she can make a 'reasonable showing' that she did not receive the notice by the presumptive date of receipt." *Miller*, 2020 WL 5899520, at *2 (first quoting *Velez v. Apfel*, 229 F.3d 1136, 1136 (2d Cir. 2000), and then quoting *Liranzo v. Astrue*, 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010), *aff'd sub nom. Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390 (2d Cir. 2011)).

The sixty-day limitations period is a "condition to the government's waiver of sovereign immunity" and thus is "strictly construed." *Liranzo*, 2010 WL 626791, at *1. Accordingly, "[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is pro se." *Borrero v. Colvin*, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015).

An untimely complaint will not require dismissal in the "rare" case that warrants equitable tolling. *Id.* at *4 (citation omitted). The statute of limitations can be tolled where an extraordinary circumstance stood in the way of timely filing, such as when the Government has

5

engaged in misconduct, "where an SSI disability claimant fails to seek judicial review in a timely manner because of mental impairment," *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir.), *on reh'g*, 947 F.2d 45 (2d Cir. 1991), or where an attorney misled an otherwise diligent claimant into believing that his attorney was representing him and would be timely filing an action, *see Torres v. Barnhart*, 417 F.3d 276 (2d Cir. 2005).  "Equitable tolling of the limitations period found in Section 405(g) is not infrequently appropriate, as Congress intended to be 'unusually protective' of claimants in this area."  *State of N.Y. v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990) (citation omitted).  Nonetheless, "[t]he burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff."  *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

## II.     The Court Will Treat the Present Motion as One For Summary Judgment

Before addressing the merits of whether Plaintiff's Complaint was untimely and, if so, whether it warrants equitable tolling, the Court first addresses whether to treat Defendant's motion as one to dismiss under Rule 12(b)(6) or for summary judgment.

A defendant may properly assert that a complaint is untimely in a Rule 12(b)(6) motion "based exclusively on dates contained within the complaint or appended materials."  *Miller*, 2020 WL 5899520, at *3 (quoting *Rodriguez ex rel. J.J.T. v. Astrue*, 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011)).  However, because it is an affirmative defense, an assertion that a complaint is untimely in a Rule 12(b)(6) motion is generally not appropriate if the untimeliness of the lawsuit is not apparent on the face of the complaint.  *Hall v. Colvin*, 2015 WL 13723896, at *3 (S.D.N.Y. Aug. 5, 2015), *report and recommendation adopted*, 2017 WL 4339664 (S.D.N.Y. Sept. 29, 2017).

"In some cases[] (including this one), the Commissioner is required to submit [evidence of] the administrative record in order to establish the untimeliness of the lawsuit— either because the complaint is silent as to when the plaintiff received the notice that triggered the running of

6

the limitations period, or because it alleges facts which (if true) would show that the action was timely filed." *Miller*, 2020 WL 5899520, at *3. And, in response, a Plaintiff may need to submit its own extraneous evidence to rebut the Commissioner's claim that its Complaint was untimely. In those cases, some courts will treat the motion as one for summary judgment. *See id.* (collecting cases); *Rodriguez v. Astrue*, 2009 WL 890052, at *2 n.7 (S.D.N.Y. Apr. 1, 2009) (collecting cases).

The present motion is most appropriately treated as one for summary judgment. Both parties have relied on materials outside of the pleadings in connection with the instant motion. Dkt. No. 13 at 2. Plaintiff also "should reasonably have recognized the possibility that the motion might be converted to one for summary judgment." *Metrokane, Inc. v. Wine Enthusiast*, 185 F. Supp. 2d 321, 325 (S.D.N.Y. 2002) (citation omitted). Defendant styled its motion as *either* a motion to dismiss *or* a motion for summary judgment and submitted a Rule 56.1 statement. Dkt. Nos. 7, 10; *Metrokane, Inc*, 185 F. Supp. 2d at 325 (finding that plaintiff had adequate notice of possible conversion where "defendant makes an explicit request to this Court to convert the motion to one for summary judgment in the event that the Court finds dismissal under 12(b(6) inappropriate"). The Court also provided both parties an opportunity to submit any "additional evidence" related to the motion, Dkt. No. 13, and Plaintiff responded by submitting evidence of its fax to SSA Central Operations regarding its change of address, Dkt. No. 14; *see Green v. Doukas*, 2000 WL 236471, at *2 (2d Cir. Feb. 15, 2000) ("If both parties submit extrinsic material-or even if the moving party alone submits extrinsic material-the opposing party may be deemed to have adequate notice that the motion might be converted."). Thus, the Court will treat the present motion as one for summary judgment and consider the evidence submitted by both parties in determining whether the present action is time-barred.

**III.     The Action is Time-Barred**

Plaintiff does not dispute that the action here was untimely filed under 42 U.S.C. § 405(g). The Notice was sent by mail on April 12, 2022, Dkt. No. 9 ¶ 3(a), and Plaintiff does not present any evidence that he *personally* received the Notice more than five days after it was mailed,[1] 20 C.F.R. § 422.210(c). Plaintiff therefore had 65 days after April 12, 2022 to file suit (June 16, 2022), *id.*, but did not file suit until approximately two weeks later, *i.e.*, July 1, 2022. Dkt. No. 1.

That Plaintiff's counsel never received the Notice does not change this analysis. The statute of limitations under the Act runs from the time that the "final decision of the Commissioner of Social Security" was received by the "individual." 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). When the individual's counsel received the decision is irrelevant under the applicable statute and regulation. *See also Sherwood*, 2018 WL 4473336, at *1–2, 4 n.5.[2]

The Complaint is therefore untimely and the Court must determine whether equitable tolling applies. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); *Twumwaa v.*

---

[1] While Plaintiff's counsel notes in its letter to the Court that Plaintiff received the Notice on May 12, 2022, Plaintiff's counsel offers no evidence in support of this claim. Dkt. No. 14 at 1. And, a "self-serving assertion" that Plaintiff received the Notice outside of the five-day period "is insufficient to rebut the presumption of receipt within five days"; instead, the plaintiff must offer some type of corroborating evidence. *Sherwood v. Berryhill*, 2018 WL 4473336, at *5 (S.D.N.Y. Sept. 18, 2018); *see Marquez v. Comm'r of Soc. Sec.*, 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013) ("To successfully rebut the presumption, a plaintiff must do more than assert that she did not receive the notice within five days.").

[2] In one of its letters to the Court, Plaintiff's counsel notes that "[a]ccording to Poms NL 00801.001 a notice in regard to denial is supposed to be sent to the claimant's representative." Dkt. No. 14. However, even if this is true, it does not follow that this Court should ignore the plain language of 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) and hold that the statute of limitations does not begin to run until the claimant's representative receives the notice.

8

*Colvin*, 2014 WL 1928381, at *4 (S.D.N.Y. May 14, 2014) ("While the result here may be harsh, given that Twumwaa only missed her filing deadline by seven days, the 60–day limit is a statute of limitations that must be strictly construed because it is a condition of a sovereign immunity waiver.").

**IV.     Equitable Tolling Does Not Apply**

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Barnhart*, 417 F.3d at 279 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A complainant bears the "burden of demonstrating the appropriateness of equitable tolling." *Boos*, 201 F.3d at 185.

Here, Plaintiff has not shown either that he pursued his rights diligently or that extraordinary circumstances stood in his way.  Despite presumably learning of the decision shortly after the Notice was sent by mail on April 12, 2022, Plaintiff did not reach out to his counsel about initiating a civil action or attempt to initiate such an action by himself for several months.  In fact, it was not until Plaintiff's lawyers learned verbally from the SSA that Plaintiff's claim had been denied—*after the 60-day deadline*—that Plaintiff's lawyers reached out to Plaintiff and the process of filing the lawsuit was initiated.  Plaintiff has therefore failed "to allege any details of [his] failed attempt to file this complaint from which [his] diligence may be inferred.  [He] does not allege even that [he] attempted to file the complaint within the sixty-day period of limitations." *Cruz ex rel. C.M.R. v. Astrue*, 2012 WL 314869, at *3 (E.D.N.Y. Feb. 1, 2012); *see Marquez*, 2013 WL 3344320, at *5 (finding equitable tolling did not apply where there was no allegation of "any diligence on [plaintiff's] part in pursuing her rights").

Plaintiff's counsel's failure to receive the Notice is also not the type of extraordinary circumstance that courts have held merits equitable tolling.  The Second Circuit in *Barnhart* has

previously found that extraordinary circumstances exist where a plaintiff on a timely basis specifically directed his attorney to file a civil action challenging the SSA's decision and was under the reasonable expectation that the attorney had done so within the appropriate timeframe. *See Barnhart*, 417 F.3d at 280.  In that case, the court noted that it was "the manner in which the lawyer misled [the plaintiff], even if unintentionally, that constitutes the 'extraordinary circumstances' that render this case appropriate for equitable tolling." *Id.* at 279–80.  The facts in this case, however, are far less extraordinary.  While Plaintiff claims that he expected that his attorneys had received the Notice, *see* Dkt. No. 14 at 1, Plaintiff does not claim nor is there any evidence that, during the 60-day time period Plaintiff had for filing, Plaintiff expected that his attorneys were in the process of filing or had filed a timely civil action on his behalf.  Plaintiff asserts no other basis for equitable tolling.  Thus, Plaintiff has met his burden of demonstrating that equitable tolling is justified.

## CONCLUSION

The motion for summary judgment is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. No. 7.

SO ORDERED.

Dated: February 22, 2023
       New York, New York

LEWIS J. LIMAN
United States District Judge